## Newark Fire Ins. Co. v. Russell.*

(Division B. March 8, 1926. Suggestion of Error Overruled March 22,
1926.)

[107 So. 417. No. 25486.]

INSURANCE. *There was no insurance where application was not shown
to have been approved by company at central office as conditioned.*
The written application and oral testimony showing that giving
of insurance was conditioned on the application being approved
by the company at the central office, and such approval not being
shown, and no policy being issued, there was no contract of in-
surance.

---

*Corpus Juris-Cyc. References: Fire Insurance, 26 C. J., p. 54, n. 2.

APPEAL from circuit court of Newton county.
Hon. G. E. Wilson, Judge.
Action by Frank Russell against the Newark Fire In-
surance Company. Judgment for plaintiff, and defend-
ant appeals. Reversed and judgment rendered.

*Watkins, Watkins & Eager,* for appellant.

I. *The court erred in overruling appellant's demurrer
to declaration of appellee.* The facts show that on the
face of the declaration the agent Graham, was not a
general agent but merely a soliciting agent, and, there-
fore, without any authority to bind the company on an
oral contract of insurance; therefore, the demurrer
should have been sustained. Furthermore, we submit
that under the allegation of the declaration appellee's
remedy was a suit in equity to compel the production of
the policy which he alleged had been issued by the com-
pany and which it would be necessary to have in court in
order to sue upon and construe its terms. *Franklin Fire
Ins. Co.* v. *Taylor et al.,* 52 Miss. 442.

II. *The court erred in overruling appellant's motion to exclude the testimony introduced on behalf of appellee and direct a verdict for appellant.* The testimony shows that the agent Graham was merely a soliciting agent and not a general agent with power and authority to bind the company by oral contracts of insurance and issue policies, and that the application for insurance signed by the appellee was never approved by the appellant, but cancelled and returned to him and accepted by him. This court in *Ins. Co.* v. *Sorsby et al.,* 60 Miss. 313, in passing upon the question of the authority of an agent recognizes and points out the difference between a general agent and a mere soliciting agent. And in the Sorsby case there was no actual notice as to the limited authority of the agent Bracey, but in the case at bar the very application which appellee signed said: "This company shall not be bound by any act done or statement made by or to any agent or other person which is not contained in this, my application."

The evidence not only fails to show the approval of the application and the delivery of a policy, but, on the other hand, expressly shows that the policy and the premium note executed as a part and at the same time as the application were both returned to and accepted by the appellee, being marked canceled.

*W. I. Munn,* for appellee.

Our contention is that after the property was inspected by Mr. Graham after he collected the cash premium and took the appellee's promissory note, after the office of the appellant, Southern Department, Atlanta, Ga., accepted the promissory note, the premium and the application, and approved same, the appellant and the appellee had then agreed upon a contract of insurance and under the representations of Mr. Graham, the agent of appellant, the insurance was in full force and effect. See *Big Creek Co.* v. *Stuyvesant Ins. Co.,* 115 Miss. 333, 75 So. 768.

The collection of the cash premium by Mr. Graham, the execution and delivery of the promissory note, the inspection of the property and approval, the retention of the premium note for a long period of time (sixty-nine days), the issuance of the policy, the interception of the policy by Mr. McKnight, special agent of the appellant, after the fire and before the policy was delivered, are admitted circumstances in which there is no dispute. The property to be insured was covered by the contract as represented by Mr. Graham. See *Mass. Bonding & Ins. Co.* v. *Ollie Vance*, 15 A. L. R. at 981. The cash premium of twenty-five dollars is still in the hands of the appellant, the Newark Fire Insurance Company, and no explanation has been given as to why this cash premium was never returned to Mr. Russell, the appellee.

It has been held in numerous cases that oral testimony is competent to explain or contradict the written application for insurance as the written application for insurance is the act of the insurer and not the act of the insured, unless it can be shown that the assured filled in the application in his own handwriting; in that event the application would be the act of the insured and he would not be a competent witness to contradict the terms thereof. That phase of the case is so ably discussed by the United States supreme court in *Mutual Union Life Ins. Co.* v. *Henry Wilkerson*, 20 U. S. (L. Ed.) 617, 94 U. S. 222, and cases therein cited that we deem it only necessary to call the court's attention to this case.

The only point that remains for discussion is whether Graham, the soliciting agent, had the authority to bind the appellant to an oral contract of insurance, such as represented to Mr. Russell at the time the agent Graham took the application and collected the cash premium, after the approval of the application and the acceptance of the note in the office at Atlanta, Ga., and on this point we call the court's attention to the application itself.

The appellant says that it is not liable and ought not to pay Mr. Russell the one thousand dollars, because the suit is based on an oral contract made by Mr. Graham

and that Mr. Graham had no authority to make such a contract; and yet the appellant has acted in such a way regarding the terms of the contract, or rather the negotiations leading up to the issuance of the contract— that is, the delivery of the policy by approving the application, retaining the premium note and never returning the cash premium—as to make itself answerable to the appellee for one thousand dollars regardless of what was said or done by its agent Mr. Graham.

The appellant cannot be heard to complain about the authority of Mr. Graham to bind the company when the testimony shows that the insurance company by its own acts and conduct has bound itself to an insurance contract, covering the property involved, for one thousand dollars.

Argued orally by *P. H. Eager,* for appellant, and *W. I. Munn,* for appellee.

HOLDEN, P. J., delivered the opinion of the court.

The Newark Fire Insurance Company appeals from a judgment for one thousand dollars in favor of Frank Russell, on an alleged insurance policy upon a house owned by Mr. Russell, which was destroyed by fire.

The suit purports to be based upon an oral contract of insurance in which the insurance company insured the house of appellee for one thousand dollars for a term of five years. It appears that Russell applied to a Mr. Graham, a solicitor for the insurance company, for insurance upon his house, and made his application in writing, which was to be forwarded to the insurance company in Atlanta, Ga., and, that if the insurance company approved the application, the policy was to be issued and sent to Mr. Russell.

Russell testified that he paid the agent, Graham, twenty-five dollars and twenty cents in cash as the first premium and gave him his note for one hundred dollars and

eighty cents to cover the balance of the premium for a five-year contract of one thousand dollars insurance upon his residence, which was afterwards destroyed by fire.

The written application for the insurance signed by Russell is in the record, and it provides that the insurance would be given Russell if the application was approved by the insurance company at the Atlanta office. The application also provides that any oral agreements between the agent and the applicant would be void, and that any false statement made by the applicant would vitiate the application.

The note and the application were forwarded to the Atlanta office, but Russell heard nothing from them until after the residence was destroyed by fire, some two months after the date of the application. The note and application were then returned to Russell marked "canceled" of date when they were first received by the Atlanta office, and the insurance company refused to pay the amount, one thousand dollars, claimed by Russell.

The appellee, Russell, alleges that his suit is based upon an oral contract of insurance; however, it will be observed that he relies upon the written application and the policy which he claims was to be issued, or was issued, but never delivered. But whether we treat the suit as one upon a written contract of insurance or an oral contract can make no difference, so far as the result of this case is concerned, because the conclusion we have reached will end the case in either event.

The appellant, insurance company, urges several grounds for reversal, but we shall notice but one, which will settle the lawsuit, and that is whether or not there was, in fact, a contract of insurance entered into between the parties.

The oral testimony offered by the appellee, Russell, and the written application signed by him, shows, without dispute, that the issuance of the insurance to him depended upon the approval of the application by the insurance company at the Atlanta office. We find there is no positive testimony in the record showing that the ap-

142 Miss.—26.

plication was approved, nor that a policy was issued thereon. On the contrary, the evidence is conclusive that the application was never approved, but was canceled and returned to Russell; that his note was not accepted, but was canceled and returned. The writings show this, and Mr. Russell testified to the same when on the witness stand; therefore we do not think any contract of insurance was entered into between the parties, and that the lower court should have granted a peremptory instruction in favor of the insurance company as asked for.

Whether the suit ought to have been brought in the chancery court and the production of the policy required, if there was a policy, is a question that we are not concerned with in the present case, but we may say, in order to throw light upon our decision, that the insurance company objected to the oral testimony regarding the terms of the policy alleged to have been issued, but undelivered, because the policy was the best evidence, and the court overruled the objection; and this is one of the errors assigned on the appeal before us, but we do not pass upon the proposition because it is unnecessary to do so.

We do not question the validity of an oral contract of insurance, but such contract must be proven by the evidence, and, in the present case, we are unable to find any testimony in the record which shows that the insurance company approved the application for the insurance, which was a condition precedent to the issuance of the policy, or to a contract of insurance; nor was there any policy issued to the appellee, so far as the competent evidence in this case shows.

In view of these conclusions, the judgment of the lower court is reversed, and judgment entered here for appellant.

*Reversed, and judgment entered here for appellant.*